UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ÇOLAKOĞLU METALURJI A.Ş. and ÇOLAKOĞLU DIŞ TICARET A.Ş.,<br>*Plaintiffs*,<br>v.<br>THE UNITED STATES,<br>*Defendant*. | Court No. 26-3451 |

**COMPLAINT**

Pursuant to Rules 3(a)(2) and 7(a)(1) of the Rules of the U.S. Court of International Trade ("USCIT Rules") and 19 U.S.C. § 1516a(a)(2)(A), Plaintiffs Çolakoğlu Metalurjı A.Ş. and Çolakoğlu Dış Ticaret A.Ş. (collectively, "Çolakoğlu"), by and through its undersigned counsel, alleges and states as follows:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1. Çolakoğlu appeals certain aspects of the U.S. Department of Commerce's ("Commerce") final results in the administrative review of the countervailing duty order on steel concrete reinforcing bar ("rebar") from the Republic of Türkiye. *See Steel Concrete Reinforcing Bar from the Republic of Türkiye: Final Results of the Countervailing Duty Administrative Review; 2023*, 91 Fed. Reg. 39985 (Dep't Commerce July 1, 2026) ("*Final Results*"), and accompanying Issues and Decision Memorandum (Dep't Commerce June 25, 2026) ("I&D Mem."). The period of review ("POR") is January 1, 2023 to December 31, 2023.

2. On July 1, 2026, Commerce published the *Final Results* and imposed a countervailing subsidy rate of 1.26% on imports of subject merchandise manufactured and/or exported by Çolakoğlu. *See Final Results*, 91 Fed. Reg. at 39986.

3. Çolakoğlu brings this action to contest, as unsupported by substantial evidence on the record and otherwise not in accordance with law, the following determinations by Commerce, which contributed to the subsidy rate Commerce calculated for Çolakoğlu in the *Final Results*:

a. Commerce unreasonably and unlawfully determined that the Bank and Insurance Transactions Tax on Foreign Exchange Transactions ("BITT") exemption is specific;

b. Commerce unreasonably and unlawfully found that the BITT exemption provides a financial contribution; and

c. Commerce unreasonably and unlawfully found that the BITT exemption confers a benefit to companies, like Çolakoğlu, when financial institutions are the actual recipients of any benefit.

**JURISDICTION**

4. Pursuant to 28 U.S.C. § 1581(c), and through 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii), this Court has exclusive jurisdiction to review Commerce's final results in an administrative review of a countervailing duty order.

**STANDING OF PLAINTIFF**

5. Çolakoğlu is a foreign manufacturer, producer, and exporter of the subject merchandise and is therefore an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A), 1516a(f)(3), and 28 U.S.C. § 2631(k)(1).

6. Çolakoğlu actively participated in the investigation that is the subject of this appeal through detailed submissions, including filing questionnaire responses, supplemental questionnaire responses, case and rebuttal briefs. Accordingly, Çolakoğlu has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

7. Commerce published the *Final Results* in the Federal Register on July 1, 2026.

8. Çolakoğlu timely filed a summons on July 31, 2026, *see* Summons (July 31, 2026), ECF No. 1, consistent with 19 U.S.C. § 1516a(a)(2)(A).

9. This Complaint is timely filed within 30 days of the summons initiating this action, consistent with USCIT Rules 3(a)(2), 5(e) and 6(a), and pursuant to 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 2636(c).

## STANDARD OF REVIEW

10. This Court must remand any administrative determination by Commerce which is "unsupported by substantial evidence on the record" or is "otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

11. When reviewing whether Commerce's findings are supported by substantial evidence, the Court assesses whether the agency action is "unreasonable" given the record as a whole. *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006).

12. Substantial evidence represents "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dupont Teijin Films USA, LP v. United States*, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (citation omitted).

13. The substantial evidence inquiry takes into account the entire record, which includes evidence that supports and detracts from the conclusion reached. *Nippon Steel*, 458 F.3d at 1352.

14. When determining whether Commerce's determinations are lawful, the Court considers whether Commerce exercised its discretion in a manner that is reasonable and avoided arbitrary action. If Commerce abuses its discretion or its decision is arbitrary or capricious, then its determination is not in accordance with law. *See, e.g.*, *Mid Continent Nail Corp. v. United*

*States*, 846 F.3d 1364, 1372 (Fed. Cir. 2017) ("Commerce's decision will {also} be set aside if it is arbitrary and capricious." (alteration in original) (quoting *Changzhou Wujin Fine Chem. Factory Co. v. United States*, 701 F.3d 1367, 1374 (Fed. Cir. 2012)); *NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1207–08 (Fed. Cir. 1995) (remanding where Commerce's refusal to accept corrective information constituted an abuse of discretion).

15. Additionally, this Court has found Commerce's determinations unlawful "where Commerce has failed to carry out its duties properly, relied on inadequate facts or reasoning, or failed to provide an adequate basis for its conclusions." *Rhone-Poulenc, Inc. v. United States*, 927 F. Supp. 451, 454 (Ct. Int'l Trade 1996).

## STATEMENT OF FACTS

16. On December 18, 2024, Commerce initiated this administrative review of the countervailing duty order on rebar from Türkiye, for the period January 1, 2023 to December 31, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 91 Fed. Reg. 102856, 102862 (Dep't Commerce Dec. 18, 2024).

17. Commerce selected Çolakoğlu as the sole mandatory respondent in the administrative review. *See* Respondent Selection Memorandum (Jan. 27, 2025).

18. Subsequently, Commerce issued questionnaires to Çolakoğlu and the Government of Türkiye ("GOT"), requesting, among other things, information concerning the BITT exemption. *See, e.g.*, Countervailing Duty Questionnaire: Administrative Review of the Countervailing Duty Order on Steel Concrete Reinforcing Bar from the Republic of Türkiye C-489-819 (Jan. 27, 2025) at II-10, III-12.

19. The BITT exemption is a Turkish tax measure under which certain foreign exchange sales are subject to a 0% BITT rate—exempting them from a general tax on foreign exchange

transactions. *See Steel Concrete Reinforcing Bar from the Republic of Türkiye: Preliminary Results and Rescission, in Part, of Countervailing Duty Administrative Review; 2023*, 91 Fed. Reg. 3122 (Dep't Commerce Jan. 26, 2026) ("*Preliminary Results*"), and accompanying Preliminary Decision Memorandum (Dep't Commerce Jan. 21, 2026) ("PDM") at 8–9.

20. More specifically, the BITT exemption is available to seven categories of foreign currency sales transactions, none of which identifies export activity as a condition for assistance. *See* Response of the Government of Türkiye in 2023 Countervailing Duty Administrative Review on Imports of Steel Concrete Reinforcing Bar from Turkey at 35–36, Exh. 17 (Mar. 17, 2025) ("GOT's IQR"); PDM at 9.

21. One category of sales subject to the BITT exemption is foreign exchange sales to enterprises having an industrial registry certificate. *See* GOT's IQR at 36.

22. All manufacturers in Türkiye are required to have an industrial registry certificate, including Çolakoğlu. *See* GOT's IQR at 34–36; *see also* Çolakoğlu Dış Ticaret A.Ş. and Çolakoğlu Metalurjı A.Ş.'s Response to Section III of the Initial CVD Questionnaire (Mar. 14, 2025) ("Çolakoğlu IQR") at 25.

23. Additionally, "financial institutions" (*i.e.*, banks) are the taxpayers required to pay the BITT, and thus, ***banks***, not companies, receive relief under the BITT exemption. *See* RGOT's IQR at 33–38.

24. Banks may choose to pass on the BITT exemption to their customers (e.g., companies), but such an arrangement is the result of negotiations between banks and their customers—the government is not involved. *See* GOT's IQR at 36; Çolakoğlu's IQR at 26–27.

25. Banks did not collect the BITT from Çolakoğlu during the POR because Çolakoğlu "has an industrial registry certificate." Çolakoğlu's IQR at 26.

26. Despite Çolakoğlu's pre-preliminary comments, Commerce preliminarily countervailed the BITT exemption, finding that it: (i) provided a financial contribution in the form of revenue forgone that was otherwise due; (ii) applied to foreign exchange sales involving exporters (i.e., the BITT exemption is an export-specific program under 19 U.S.C. § 1677(5A)(B)); and (iii) conferred a benefit equal to the amount of tax savings. *See* PDM at 9; *see also* Çolakoğlu Dış Ticaret A.Ş. and Çolakoğlu Metalurjı A.Ş.'s Pre-Preliminary Rebuttal Comments (Jan. 14, 2026).

27. In their administrative case briefs, Çolakoğlu and the GOT urged Commerce to reconsider its preliminary position for the *Final Results*. *See* Çolakoğlu Dış Ticaret A.Ş. and Çolakoğlu Metalurjı A.Ş.'s Case Brief (Feb. 17, 2026); Case Brief of the Government of Türkiye (Feb. 11, 2026).

28. For the *Final Results*, Commerce continued to find that the BITT exemption was countervailable for the reasons described in the *Preliminary Results*. *See* I&D Mem. at 10–13.

29. Commerce published the *Final Results* on July 1, 2026.

30. On July 31, 2026, Çolakoğlu timely filed its summons. *See* Summons (July 31, 2026), ECF No. 1.

## <u>STATEMENT OF CLAIMS</u>

### COUNT I

31. The facts and allegations contained in paragraphs 1 through 30 are restated and incorporated herein by reference.

32. Commerce unlawfully and unreasonably found that the BITT exemption provides a financial contribution because the exemption applies to the taxpayers, which are banks, not to companies, which are the customers of the banks.

33. The GOT does not forgo the collection of any revenue from Çolakoğlu, within the meaning of 19 U.S.C. §1677(5)(D)(ii).

34. Therefore, Commerce's finding that the BITT exemption provides a financial contribution is not supported by substantial evidence on the record and not in accordance with the law.

**COUNT II**

35. The facts and allegations contained in paragraphs 1 through 34 are restated and incorporated herein by reference.

36. Commerce unlawfully and unreasonably found that the BITT exemption confers a benefit to Çolakoğlu because banks are relieved from the BITT, not companies.

37. The banks pass on savings to Çolakoğlu, but the role the banks play in the transaction bars a finding that Çolakoğlu benefits from the exemption under 19 C.F.R. § 351.509(a)(1).

38. Therefore, Commerce's finding that the BITT exemption confers a benefit is not supported by substantial evidence on the record and not in accordance with the law.

**COUNT III**

39. The facts and allegations contained in paragraphs 1 through 38 are restated and incorporated herein by reference.

40. Commerce's finding that the BITT exemption is export specific contravenes court precedent, the facts on the record, and misconstrues the "program" at issue.

41. Commerce failed to come to grips with this Court's findings in previous cases that the BITT exemption is widely available and not specific. *See, e.g.*, *Kaptan Demir Celik Endustrisi ve Ticaret A.S. v. United States*, 803 F. Supp. 3d 1276 (Ct. Int'l Trade 2025), *appeal docketed*, No. 26-1229 (Fed. Cir. Dec. 9, 2025).

42. Further, Commerce unlawfully isolated one category of transactions (out of seven) that qualifies for a BITT exemption and attributed the characteristics of that one category to the entire program.

43. However, the "program" at issue includes all seven categories, meaning that the program is not conditioned on export. *Cf.* 19 U.S.C. § 1677(5A)(B).

44. Banks did not collect the BITT from Çolakoğlu because Çolakoğlu has an industrial registry certificate—not because of Çolakoğlu's export activity.

45. Therefore, Commerce's finding that the BITT exemption is an export-specific subsidy is not supported by substantial evidence on the record and not in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, Çolakoğlu respectfully requests this Court to:

(a) Hold that Commerce's *Final Results* is not in accordance with law or unsupported by substantial record evidence with respect to the claims advanced by Çolakoğlu in this Complaint;

(b) Remand the *Final Results* to Commerce for determination consistent with the opinion of this Court; and

(c) Grant such additional relief as the Court may deem just and proper.

**/s/ Jessica R. DiPietro**
Jessica R. DiPietro
Leah N. Scarpelli
Tyler J. Kimberly
Chelsea Burkhart

ArentFox Schiff LLP
1717 K Street, N.W.
Washington, DC 20006
Phone: (202) 350-3622

*Counsel for Çolakoğlu Dış Ticaret A.Ş. and Çolakoğlu Metalurji A.Ş.*

Dated: August 28, 2026